UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. JORDAN and FRANCES JORDAN,<br><br>         Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and DOES 1–10,<br><br>         Defendants. | Case No.: 19-CV-1451 JLS (RBB)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT FOR FAILING TO PAY FILING FEE**<br><br>(ECF No. 2) |

  Presently before the Court is Plaintiffs Charles R. Jordan and Frances Jordan's Motion to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). On August 2, 2019, Plaintiffs, proceeding *pro se*, filed a Complaint alleging fraud, disability discrimination, retaliation, and intentional infliction of emotional distress against Defendants United States Department of Labor and the Postmaster General of the United States Postal Service. *See generally* ECF No. 1 ("Compl.").

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $400. 28 U.S.C. § 1914(a). A court may, however, in its

discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit stating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

In *Escobeda*, for example, the filing fees constituted forty percent of the plaintiff's monthly income before factoring in her expenses. *Id.* at 1235. Taking into account the Plaintiff's rent and debt payments, the filing fee would have required the entirety of two-months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee." *Id.* Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff. *Id.* Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status. *Id.* at 1236.

Here, although mindful of the Ninth Circuit's admonition that the requisite filing fee "is a lot of money to many millions of Americans," *see id.* at 1235, the Court ultimately concludes that Plaintiffs have not met their burden of demonstrating that payment of the filing fee would constitute an undue financial hardship. In Plaintiffs' affidavit, they indicate their combined gross monthly income is $4,890. Mot. at 2. Accordingly, the $400 filing fee constitutes about eight percent of their monthly income. Plaintiffs' monthly expenses—including their housing, utilities, food, clothing, transportation, and insurance—total $4360.46. *Id.* at 4–5. Plaintiffs' monthly income therefore exceeds their monthly expenses by over $500. Further, review of Plaintiffs' expenses appears to show that some of their monthly expenditures are discretionary. For example, Plaintiffs budget $470 per month for clothing. *Id.* at 4. Plaintiffs therefore not only have a monthly surplus

///

exceeding the cost of filing, but they also have monthly discretionary spending that exceeds the filing fee.

Plaintiffs also own considerable assets, including a home worth $440,000 and two cars worth approximately $18,000. *Id.* at 3. They also have $2,200 in their checking accounts. *Id.* at 2. Plaintiffs do not indicate why they are unable to use these funds to pay the filing fee. Because Plaintiffs appear to have sufficient income to afford life's necessities in addition to the filing fee, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** an additional <u>thirty (30) days</u> from the date this Order is electronically docketed to either (1) pay the entire $400 statutory and administrative filing fee, or (2) file a new IFP Motion alleging they are unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: September 12, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge