UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. JORDAN, FRANCES JORDAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE; WANDA FREEMAN; THOMAS R. AVERY; VICTOR FIGUEROA; DIANA TORPEY; MIKE ENGELS; WAYNE DAVENPORT; LEAH ALVAREZ; R. VIGIL DIXON; and DOES 1–10,<br><br>Defendants. | Case No.: 19-CV-1451 JLS (RBB)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TIMELY TO EFFECT SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**<br><br>(ECF No. 6) |

On September 1, 2020, the Court ordered Plaintiffs Charles R. Jordan and Frances Jordan to "show cause why this action should not be dismissed for failure timely to effect service." ECF No. 6 ("OSC") at 2. The Court directed Plaintiffs to file either a response or proofs of service within fourteen days of the electronic docketing of the Order to Show Cause, *i.e.*, on or before September 15, 2020. *Id.* As of the date of this Order, Plaintiffs have filed neither.

/ / /

1    Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

As noted in the Court's September 1, 2020 Order to Show Cause, the initial ninety days provided by Rule 4(m) to effect service on Defendants United States Department of Labor; Postmaster General, United States Postal Service; Wanda Freeman; Thomas R. Avery; Victor Figueroa; Diana Torpey; Mike Engels; Wayne Davenport; Leah Alvarez; and R. Vigil Dixon has long since passed. *See* OSC at 1 (deadline for service was December 16, 2019); *see also* Fed. R. Civ. P. 4(*l*)(1) ("[P]roof of service must be made to the court."); S.D. Cal. CivLR 5.2 ("Proofs of service . . . must be filed in the clerk's office promptly . . . ."). The district court may not *sua sponte* dismiss a complaint for lack of service, however, "without first giving notice to the plaintiff and providing an opportunity for him to show good cause for the failure to effect timely service." *Crowley*, 734 F.3d at 975 (citation omitted). Indeed, the district court has broad discretion under Rule 4(m) to extend time for service upon a showing of good cause even after the service period has expired. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Here, the Court provided Plaintiffs notice, along with an additional fourteen days to serve Defendants, and gave Plaintiffs the opportunity to show good cause as to why they failed timely to serve Defendants. *See generally* OSC. Plaintiffs, however, have not

responded to the Court's Order to Show Cause by either filing proofs of service or seeking additional time to serve Defendants.  Further, Plaintiffs have failed to file any response at all to the Court's September 1, 2020 Order to Show Cause explaining their failure timely to serve Defendants.  The Court therefore concludes that dismissal without prejudice pursuant to Rule 4(m) is appropriate.

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this action for failure timely to effect service pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  September 17, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge